IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 1:12CR10008 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY COPELAND, | ) | |
| | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL RESPONSE AND MEMORANDUM OF LAW BY
THE UNITED STATE REGARDING DEFENDANT'S OBJECTIONS TO PSR**

COMES NOW, the United States of America, by and through Edward L. Stanton, III, United States Attorney, and the undersigned Assistant United States Attorney, and in response to Defendant's objections to the Presentence Report ("PSR"), would state:

Defendant objects to the PSR's classifying him as a Career Offender under U.S.S.G. § 4B1.2, arguing that his five prior convictions for Armed Robbery are not "crimes of violence." Defendant's argument is entirely without merit.

**I.     Robbery is specifically addressed by the Sentencing Commission as a qualifying offense under U.S.S.G. § 4B1.2**

Section 4B1.1 of the United States Sentencing Guidelines Manual ("U.S.S.G.") provides an enhanced punishment for those offenders that qualify as "Career Offenders." U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (2011). In defining "crime

1

of violence" for purposes of the Guidelines' Career Offender classification, section 4B1.2(a) states as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that–
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury ro another.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(a) (2011).

Under the "Commentary" section to § 4B1.2, application note 2 states as follows:

> "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, **robbery**, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included as "crimes of violence" if (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device), or, by its nature, presented a serious potential risk of physical injury to another.

U.S. SENTENCING GUIDELINES MANUAL § 4B1.2, cmt. n.2 (2011) (emphasis added).

Furthermore, the Guidelines' commentary that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline. <u>Stinson v. United States</u>, 508 U.S. 36, 45 (1993). Application note 2's enumeration of robbery as a crime of violence

2

necessarily requires this Court to included the defendant's five prior convictions for armed robbery as qualifying offenses for Career Offender status under U.S.S.G. § 4B1.2.

**II.    The Sixth Circuit holds a Tennessee Conviction for Facilitation of Armed Robbery as a Crime of Violence**

In <u>United States v. Gloss</u>, 661 F. 3d 317 (6th Cir. 2011), the Court unequivocally held that a Tennessee conviction for facilitation of armed robbery qualified as a violent felony under the Armed Career Criminal Act (ACCA). The Sixth Circuit was clear in its decision, stating "...there can be little doubt that aggravated robbery involves the use or threatened use of physical force against the person of another." <u>Id.</u> at 320.

While the <u>Gloss</u> decision involved an analysis under the ACCA, the Court should apply the same logic here. The inquiries of whether a defendant has committed a "crime of violence" under the career offender guideline, and whether the defendant's prior conviction is a "violent crime" under the ACCA, are parallel inquiries. <u>United States v. Ford</u>, 560 F.3d 420, 421 (6th Cir. 2009). The issue of whether aggravated robbery is a crime of violence is settled in the Sixth Circuit, and this Court should find the defendant's five prior convictions qualify.

Respectfully submitted,

EDWARD L. STANTON, III
United States Attorney

s/Matthew J. Wilson

MATTHEW J. WILSON, BPR #20584
Assistant United States Attorney
109 South Highland, Suite 300
Jackson, Tennessee 38301
(731) 422-6220
Matthew.J.Wilson@usdoj.gov

## CERTIFICATE OF SERVICE

I, Matthew J. Wilson, Assistant United States Attorney for the Western District of Tennessee, Eastern Division, hereby certifies that a copy of the foregoing has been sent via electronic filing to:

**William Joshua Morrow**
FEDERAL PUBLIC DEFENDER'S OFFICE
200 Jefferson Avenue
Suite 200
Memphis, TN 38103

this 25th day of January, 2013.

                                                     s/Matthew J. Wilson
                                                    MATTHEW J. WILSON, BPR #20584
                                                    Assistant United States Attorney