IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

Case No. 12-10008-JDB

United States of America,
  Plaintiff,

vs.

Terry Copeland
_____,
  Defendant.

RECEIVED
AUG 1 0 2015
CLERK, U.S. DIST. COURT
WESTERN DIST. OF TENN

## DEFENDANT MOVE IN LIGHT OF JOHNSON v. UNITED STATES, No. 13-7120 (U.S., 2015) THAT COUNSEL BE APPOINTED PURSUANT TO 18 USC § 3006(A) TO PROVIDE LEGAL ASSISTANCE IN PREPARING AND FILING A MOTION TO CORRECT THE JUDGMENT OF THE COURT REGARDING THE INVALIDATION OF THE RESIDUAL CLAUSE

Comes Now the Defendant, Terry Copeland, in pro se, and for his motion requesting appointment under Title 18 USC § 3006(A) in light of recent Supreme Court decision **Johnson v. United States**, No. 13-7120 (U.S., 2015).

Through the office of the Federal Public Defenders, counsel should be appointed in making legal inquires and then determining whether to prepare the appropriate motion to vacate the judgment of the court, in light of **Johnson v. United States**, (U.S., 2015), and with the high court invalidated the residual clause statute, as unconstitutionally vague under view *point discrimination,* ultimately the Fifth Amendment(s) Due Process Clause led the residual clause statute being void for vagueness giving constitutional meaning that District Court judgment(s) enforced by residual clause are no longer good law.

Under the "intelligible principle" doctrine, the Supreme Court for its **Johnson** decision reviewing to invalidate the residual clause statute principled its legal opinion to determine if District Court(s) jurisdictionally lacked authority under the constitution to interpret, enforce, or impose an unlawful residual clause statute enacted by Congress.

From the Supreme Court(s) recent decision in **Johnson**, circuit court(s) appear to be moving immediately in correcting prior unconstitutional residual clause violations. **See United States v. Darden**, No. 14-5537 (6th Cir. 2015); see **United States v. Parral-Dominguez**, 2015 BL 23619, 4th Cir. No. 14-4546 (4th Cir. 2015), where the fourth circuit held that: **Shooting a gun into an occupied building does not constitute a crime of violence** ); <u>also see</u> **Beckles v. United States**, 576 U.S. \_\_\_\_\_, 2015), which the Supreme Court under **Johnson v. United States,** (U.S., 2015) reversed and vacated a District Court(s) judgment denying petitioner **Beckles** § 2255 motion.

So the question of retroactivity is obsolete under **Teague v. Lane**, 489 U.S. 288 (1989) and any such analysis regarding Teague should be deemed inapplicable.

With lawyers now informing defendants should request the court to appoint counsel to assist in preparing and filing a habeas petition, or a motion to vacate, a District Court(s) judgment, if such judgment was obtained under the invalidated residual clause statute, lawyers would not urge defendant(s) to do so if **Johnson v. United States**, No. 13-7120 (US 2015), was not retroactive. **See Attachment 1.**

Because the Court enforced its judgment through the invalidation of the residual clause by triggering the Armed Career Criminal Statute and § 4B1.4 Guidelines based on defendant(s) prior conviction for Assault, the court should appoint counsel Attorney William Joshua Morrow on behalf of the defendant(s) right to due process and the Sixth Amendment right to counsel in the interest of removing the defective invalidated portions of the residual clause statute used in the criminal proceeding illegally enhancing the sentence.

Wherefore, in the interest of justice, Defendant respectfully move that counsel be appointed under 18 USC § 3006(A) to secure defendant(s) constitutional right to due process.

## CERTIFICATE OF SERVICE

I hereby declare that a true and correct copy of the foregoing motion has been mailed with first class postage to the party below:

William Joshua Morrow
212 Pulaski Street
P.O. Box 787
Lawrenceburg, TN 38464

*/s/ Terry Copeland*
Signature of Defendant/Pro se

Dated this _5th_ of August 2015.